| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 08-po-6015-01** |
| **VS.** | **MAGISTRATE JUDGE METHVIN** |
| **KIRK Z. SMITH** | |

## RULING ON DEFENDANT'S MOTION TO CLARIFY
## OR MODIFY CONDITIONS OF PROBATION

Before the court is defendant Kirk Smith's motion to clarify or modify conditions of probation, which was filed on October 27, 2008 (Rec. Doc. 7). The United States filed a response on November 6, 2008 (Rec. Doc. 15).

### *Findings of Fact and Conclusions of Law*

### *Background*

On October 15, 2008, defendant pled guilty to violating 16 U.S.C. § 703 and 18 USC § 2, placement of bait, and 16 USC § 703, taking of ducks by aid of bait. Defendant was fined and sentenced to unsupervised probation for one year. One of the special conditions of probation is that defendant not hunt anything during his probationary period in accordance with his signed acknowledgment. Defendant signed a written acknowledgment as to the "no hunting" restriction which details prohibited activities. The acknowledgment defines "hunting" as including "the act of being at any hunting camp or hunting campsite anywhere at any time during any season open to hunting wildlife or wild animals in the area of the hunting camp or hunting campsite."

Defendant states he has property in Sabinal, Texas that he asserts is used as a vacation home for his family. The home is located within a fenced-in area, 200' by 200', located within an approximately 800-acre tract owned by Smith. Smith family members and business associates hunt on the large tract, primarily during hunting season.

**ISSUE ONE: Clarification of Defendant's Sentence**

_____Defendant seeks clarification whether the fenced-in area and dwelling that he characterizes as a vacation home is a hunting camp as defined in the acknowledgment, for the purposes of his going to and from and being at the vacation home, if he is present there during any open hunting season.

Defendant submits that the dwelling at issue is a vacation home but also admits that hunting by family members and business associates occurs on the 800-acre tract adjacent to the home, primarily during deer season. Defendant does not state where the hunters stay during the hunt, and presumably they stay in the home. Moreover, defendant offers no specifics how the home is used for vacationing *other* than as a base for hunting endeavors.

Title 18, United States Code, Section 3562(a) requires the sentencing court, "in determining the length of the term and the conditions of probation, [to] consider the factors set forth in § 3553(a) . . . ." In addition to certain mandatory conditions of probation set forth in § 3563(a), the court may require a defendant to "satisfy other conditions the court may impose," as long as such conditions are "reasonably related to the factors set forth in §§ 3553(a)(1) and (a)(2)," and "involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in § 3553(a)(2) . . . ." 18 U.S.C. §§ 3563(b) and (b)(22). Among the "discretionary conditions" identified in § 3563(b) is the requirement that the defendant "refrain from frequenting specified kinds of places . . . ." 18 U.S.C. §3563(b)(6).

Generally, conditions of probation and supervised release are interpreted "in light of common sense." United States v. Garcia-Mejia, 394 F.3d 396, 397 -398 (5th Cir. 2004), *cert.*

*granted and judgment vacated on other grounds*, 545 U.S. 1102 (2005). Thus, "conditions

of probation do not have to be cast in letters six feet high, or describe every possible

permutation, or spell out every last, self-evident detail." United States v. Paul, 274 F.3d 155,

167 (5th Cir. 2001), *quoting* United States v. Gallo, 20 F.3d 7, 12 (1st Cir. 1993). Instead,

sentencing courts may "use categorical terms to frame the contours of supervised release

conditions," and "[s]uch categorical terms can provide adequate notice of prohibited conduct

when there is a commonsense understanding of what activities the categories encompass."

Id.

Based on these facts, I conclude that a common-sense interpretation of "hunting camp,"

as defined in the acknowledgment, encompasses the dwelling and adjacent enclosed area.

### ISSUE TWO: MODIFICATION OF SENTENCE

Alternatively, defendant seeks to modify the conditions of probation to allow him to be

present in the home and the fenced-in area, and to go to and from this area, should the court find

the dwelling to be a hunting camp within the terms of the acknowledgment.

The court recognizes that defendant may have legitimate reasons for being in the home

and enclosed area during hunting season. The government concedes this point. The government

does not object to the alternative relief requested by defendant that he be allowed to be present at

the house and within the fenced-in area as long as defendant is not engaged in hunting, or in

assisting or aiding and abetting others in hunting.

18 U.S.C. § 3563(c) provides that a court may modify the conditions of probation at any

time prior to the expiration or termination of the term of probation, pursuant to the provisions of

the Federal Rules of Criminal Procedure relating to the modification of probation and the

provisions applicable to the initial setting of the conditions of probation.

Federal Rule of Criminal Procedure 32.1(c)(1) provides that before the court modifies conditions of probation, the court must hold a hearing, unless, as provided in Rule 32.1(c)(2)(B) and (C) the relief sought is favorable to the person and does not extend the term of probation and an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

The court finds the alternative relief suggest by defendant, as limited by the government, to be reasonable. Since this relief is favorable to defendant and the government has not objected, there is no necessity for a hearing.

Based on the foregoing,

**IT IS ORDERED** that the conditions of probation in the above captioned matter as to **KIRK Z. SMITH** are hereby clarified and that the home owned by Kirk Z. Smith outside of Sabinal, Texas is to be considered as a "hunting camp" or a "hunting campsite" for purposes of the acknowledgment signed by him in this matter.

**IT IS FURTHER ORDERED** that the conditions of probation are modified to permit defendant to stay strictly within the fenced-in area immediately surrounding the home, and on the road leading directly to the home when coming and going to the home. Defendant may not engage in hunting, or assist, aid or abet others in hunting while at the home.

Signed at Lafayette, Louisiana, on November 24, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)